IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ROBERT GORDON | § | |
| VS. | § | CIVIL ACTION NO. 1:03cv1359 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Robert Gordon, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The court referred this matter to the Honorable Earl S. Hines, United States Magistrate Judge, for consideration pursuant to applicable orders of this court.  The magistrate judge has submitted a Report and Recommendation recommending the petition be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the records, pleadings and all available evidence.  Plaintiff filed objections to the Report and Recommendation.  The court must therefore conduct a *de novo* review of the objections.

Petitioner is challenging three prison disciplinary convictions.  After careful consideration, the court is of the opinion the objections are without merit.  However, the court believes two of the objections should be addressed in some detail.

With respect to disciplinary case number 20030196081, petitioner states that while the magistrate judge stated he was convicted of possessing contraband, he was also convicted of destroying state property.  He states that although the magistrate judge stated there was sufficient evidence to support the possession of contraband charge, his contention that there was insufficient evidence to support the destruction of property charge was not addressed.

While the Report and Recommendation did not consider whether there was sufficient evidence to support the destruction of the property charge, the record reveals there was sufficient evidence.  Lieutenant Berry testified that a mattress and pillow had been ripped so that

contraband could be hidden within.  As a result, there was evidence indicating the mattress and pillow had been damaged.  As a prison disciplinary proceeding will be overturned "only where there is no evidence whatsoever to support the decision of prison officials," [1] there was sufficient evidence to support the destruction of property charge.

With respect to the same disciplinary conviction, petitioner asserted the hearing officer was biased and found him guilty because he had "beaten" too many other disciplinary convictions.  As the magistrate judge stated, the original petition provided no factual support for this assertion.  As a result, the magistrate judge determined that the ground for review was without merit.  However, in his objections, petitioner states that at the end of the hearing, the hearing officer told him he had found petitioner guilty because he had beaten too many other cases.  As petitioner acknowledges, this statement does not appear on the audiotape of the disciplinary hearing provided to the court by the respondent.

To prevail on a claim of retaliation, a petitioner must establish that but for the retaliatory motive, the complained of incident would not have occurred, a standard which places a significant burden on the petitioner.[2]  In this case, there was evidence that petitioner was moved into a new cell.  Prior to the move, the old pillow and mattress was removed from the cell.  After petitioner and his mattress and pillow were moved into the cell, a search of the mattress and pillow revealed the items had been ripped and contained several items of contraband.  In light of this evidence, and in the absence of any evidence to the contrary other than petitioner's statement that the pillow and mattress were already in the cell when he arrived, it cannot be concluded that but for the alleged retaliatory motive petitioner would not have been convicted.

## ORDER

Accordingly, plaintiff's objections are **OVERRULED**.  The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is

---

[1] *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994).

[2] *Johnson v. Rodriguez*, 110 F.3d 299 (5th Cir. 1997).

**ADOPTED**.  A final judgment shall be entered denying the petition.

So **ORDERED** and **SIGNED** this 6   day of **March, 2007.**

_____
Ron Clark, United States District Judge